UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL CURRY,

        Plaintiff,                       Case No. C2-03-CV-1053
                                               JUDGE GREGORY L. FROST
     v.                                      Magistrate Judge Kemp

CONSOLIDATED COAL COMPANY, et al.,

        Defendants.

## OPINION & ORDER

Plaintiff Carl Curry ("Curry") asserts that Defendants Consolidated Coal Company and Consol Energy Company ("Defendants") terminated his employment with Defendants during a reduction in force ("RIF") in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, as well as Ohio public policy. (Doc. # 1 at ¶¶ 12-25).

Defendants previously filed a motion for judgment on the pleadings regarding Curry's Ohio public policy claims. (Doc. # 22). Specifically, Defendants argued that Curry was unable to assert both federal and state public policy age discrimination claims. *Id.* The Court disagreed, however, and denied Defendants' motion on October 28, 2004. (Doc. # 39). Defendants proceeded to file a motion for summary judgment. After that matter had been fully briefed, but before the Court ruled on that motion, the Sixth Circuit issued its decision in *Carrasco v. Nomtc, Inc.*, 2004 U.S. App. LEXIS 25033 (6th Cir. 2004). That opinion directly addressed the argument that Defendants had raised in their motion for judgment on the pleadings. Thus, the Court's April 6, 2005 Order that granted Defendants' motion for summary judgment in part and denied it in part invited Defendants to brief the vitality of Plaintiff's

1

remaining public policy claims in light of *Carrasco*. (Doc. # 101 at 37). Defendants accepted the invitation, and the matter is now ripe for review. (Docs. # # 102, 104, 105).

Because the Court and the parties are well-versed with the facts of the case the Court will proceed directly to a discussion of the standard of review involved before delving into a discussion of the matter presently at issue.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

2

that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).  However, in ruling on a motion for summary judgment, "a district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

## DISCUSSION

The sole issue before the Court is the vitality of Curry's remaining Ohio common law public policy claims of failure to transfer him to, and failure to recall/rehire him for, section foreman positions.  (Doc. # 101 at 37).  Defendants offer two arguments in support of their motion for summary judgment on those claims.  First, Defendants argue that Ohio does not recognize public policy claims for failure to transfer and failure to recall/rehire.  (Doc. # 102 at 6).  In response, Curry contends that Defendants waived that argument by not asserting it in their previous motion for judgment on the pleadings and motion for summary judgment.  (Doc. # 104 at 9).  Second, Defendants assert that the Sixth Circuit's holding in *Carrasco* establishes that because the statutory remedies available to Curry adequately protect the public policy against age discrimination, his failure to transfer and failure to recall/rehire claims must fail.  (Doc. # 102 at 5).  Predictably, Curry counters that *Carrasco* dealt only with Title VII and not the ADEA and is therefore not controlling.  (Doc. # 104 at 4).  Defendants' arguments prevail.

Turning first to Defendants' contention that Ohio common law does not recognize failure to transfer and failure to recall/rehire public policy claims, this Court previously held that "our research indicates that Ohio appellate courts seem hesitant about expanding the exception to the doctrine of employment-at-will beyond claims for wrongful termination." *Bools v. Gen. Elec.*

3

*Co.*, 70 F. Supp.2d 829, 832 (S.D. OH 1999). Indeed, Curry has failed to direct the Court's attention to a single Ohio case that expands the wrongful termination exception to encapsulate failure to transfer and failure to recall/rehire public policy claims. (Doc. # 104). Thus, contrary to Curry's contentions, Defendants did not waive their current argument because Curry is unable to assert a claim that does not exist. (Doc. # 104 at 9). As such, the Court holds that because Ohio does not recognize such claims, Defendants' motion for summary judgment on Curry's Ohio transfer and recall/rehire public policy claims is **GRANTED**. (Doc. # 102).

Assuming, arguendo, that Curry could assert his failure to transfer and failure to recall/rehire public policy claims, the Court would still grant Defendants' motion for summary judgment because of the Sixth Circuit's holding in *Carrasco*. To understand why this is the case, a brief review of the analytical framework involved in addressing the availability of public policy claims when statutory claims have also been asserted is necessary.

Although employment relationships in Ohio are generally governed by the common-law doctrine of employment at will, Ohio "public policy warrants an exception to the employment at will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute." *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981, 986 (Ohio 1990). The elements of the tort are:

> 1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
>
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
>
> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
>
> 4. The employer lacked overriding legitimate business justification for the dismissal (the

overriding justification element).

*Painter v. Graley*, 639 N.E.2d 51, 57 at n.8 (Ohio 1994) (citing H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-399). The Ohio Supreme Court held that the clarity and jeopardy elements are questions of law, and that the causation and justification elements are questions of fact. *Collins v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1995).

The jeopardy element is the sole point of contention in the case *sub judice*. (Doc. # 39 at 6). The jeopardy element of the tort is not met "where the statute in question provides its own adequate remedies." *Schmauch v. Honda of Am. Mfg., Inc.*, 311 F. Supp. 2d 631, 634 (S.D. OH 2003). Stated simply, the Ohio Supreme Court held that "there is no need to recognize a common-law action . . . if there already exists a statutory remedy that adequately protects society's interests." *Wiles*, 773 N.E.2d at 531.

Relying on *Mercurio v. Honeywell*, 2003 U.S. Dist. LEXIS 9521, at * 13 (S.D. OH 2002), the Court previously held that in determining whether the jeopardy element is satisfied, the Court need not examine the alternative remedies available to a public policy plaintiff. (Doc. # 39 at 9). Instead, the Court decided that it should focus only on the remedies in the parts of the statute under which Curry had elected to proceed and held that his remedies under the ADEA were inadequate. *Id.* at 9, 11 (citing *Mercurio*, 2003 U.S. Dist. LEXIS 9521, at * * 4, 7, 8). Hence, the Court found that Curry had satisfied the jeopardy element and allowed his wrongful termination public policy claim to proceed.

Subsequent to the Court's decision, the Sixth Circuit issued its decision in *Carrasco*. In that case, the Sixth Circuit held that to establish the jeopardy element, a plaintiff must show that

there is no other recourse or remedy available. *Carrasco*, 2004 U.S. App. LEXIS 25033, at * 20. In so holding, the court noted that the Ohio Supreme Court had held:

> An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful discharge claim. . . . Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, 'the issue of adequacy of remedies' becomes a particularly important component of the jeopardy analysis. . . . Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests

*Carrasco*, 2004 U.S. App. LEXIS 25033, at * * 20-21 (citing *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 531 (Ohio 2002)). In essence, then, *Carrasco* requires the Court to examine the adequacy of remedies available under other statutes, not just the adequacy of remedies available under the specific statute that plaintiff elected to proceed under.

Despite the clear applicability of the above language to the case at bar, Curry asserts that *Carrasco's* holding is irrelevant because it addressed 42 U.S.C. § 2000e ("Title VII") and not the ADEA. (Doc. # 104 at 4). Curry misses the point. The Court relies on *Carrasco* for its holding relative to the jeopardy analysis, not for its discussion of the availability of concurrent claims under Title VII and Ohio common law.

Applying *Carrasco* to the case at bar, the Court holds that Curry fails to satisfy the jeopardy element. To begin, Defendants correctly assert that five alternative means of promoting the public policy against age discrimination exist and that each offers remedies.[1] (Doc. # 102 at 4) (citing *Talbott v. Anthem Blue Cross & Blue Shield*, 147 F. Supp. 2d 860, 861

---

[1] The alternatives include: Ohio Revised Code § § 4112.02(N), 4112.08, 4112.14(B), 4112.99, and the ADEA.

(S.D. Ohio 2001). This fact, alone, indicates that it is "less likely that tort liability is necessary to prevent dismissals from interfering with or realizing the statutory policy." *Wiles*, 773 N.E.2d at 531. Moreover, the alternative means provide for recovery of compensatory damages for lost salary, liquidated damages, prejudgment interest, reasonable attorney's fees, and appropriate equitable relief. *See* 29 U.S.C. § 626, Ohio Rev. Code § § 4112.02, 4112.05, 4112.14, and 4122.99. As a result, the Court concludes that the statutory remedies available to Curry provide remedies that are adequate protect society's interest in preventing age discrimination. Curry thus fails to establish the jeopardy element necessary to maintain his Ohio common law public policy claims.

## CONCLUSION

The Court **GRANTS** Defendants' motion for summary judgment on Curry's remaining Ohio common law public policy claims, to the extent that they exist. (Doc. # 102).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　/s/   Gregory L. Frost

　　　　　　　　　　　　　　　　　　　　**GREGORY L. FROST**

　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**